UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES DRUMMOND,

                Petitioner,

     - against -

ERIC SCHNEIDERMAN, Attorney General,
THE NEW YORK SUPREME COURT,

                Respondents.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-4734 (RRM)(JMA)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

*Pro se* petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his ongoing criminal action in New York Supreme Court, Kings County. Because petitioner has neither been convicted nor sentenced, the Court dismisses the petition without prejudice as premature.

## DISCUSSION

In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir. 1982). Here, petitioner is

not in custody pursuant to a state court judgment. In fact, his criminal case is ongoing.[1] *See generally* Pet. (Doc. No. 1).

Thus, because there is no indication petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254, the instant petition is premature and is dismissed without prejudice.[2] *See* 28 U.S.C. § 2254; *see also Johnson v. NY*, No. 11 CV 2237, 2011 WL 1933726, at *1 (E.D.N.Y. May 18, 2011) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted state court remedies); *Henry v. Davis*, No. 10 CV 5172, 2011 WL 319935, *1 (E.D.N.Y. Jan. 26, 2011); *Williams v. Horn*, No. 06 CV 3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no

---

[1] Petitioner's next court appearance is scheduled for October 7, 2011, in Kings County Criminal Court. *See* http://iapps.courts.state.ny.us/webcrim_attorney/Login (Last visited October 5, 2011).

[2] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. § 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal).

To the extent that petitioner also brings this as an action challenging the constitutionality of the state criminal statutes, *see* Pet. (Doc. No. 1 at 2), petitioner is advised that the Court cannot intervene in an ongoing criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 12, 2011

s/ RRM
_____
ROSLYNN R. MAUSKOPF
United States District Judge